**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 17, 2019

LETTER TO PARTIES

RE: *John B. v. Commissioner, Social Security Administration*
Civil No. SAG-19-1955

Dear Plaintiff and Counsel:

On July 1, 2019, Plaintiff filed a complaint, *pro se*, complaining of a decision by the Commissioner of the Social Security Administration ("SSA"). ECF 1. The Commissioner filed a Motion to Dismiss for lack of subject matter jurisdiction, citing Plaintiff's failure to exhaust his administrative remedies; alternatively, the Commissioner seeks dismissal for improper venue. ECF 20. Plaintiff filed a one-sentence response, asking that "the defendant[']s request for dismissal be denied." ECF 22. I have carefully reviewed the parties' filings, and no hearing is necessary. Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the Commissioner's Motion to Dismiss must be granted.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complainant. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). Generally, when a court considers a motion to dismiss for lack of subject matter jurisdiction, it "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding into one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("A trial court may consider evidence by affidavit, depositions, or live testimony."). In considering this motion, I have considered the declaration of Angela Musick, the Operations Supervisor in the Bowling Green, Kentucky Field Office of the SSA, which the Commissioner filed along with supporting documentation. ECF 20-2.

A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing *Thomas v. Gaskill*, 315 U.S. 442, 446 (1942); *Goldsmith v. Mayor of Balt.*, 845 F.2d 61, 63-64 (4th Cir. 1988)). However, a *pro se* plaintiff's complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1987) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)) (quotation and citation omitted). *Pro se* filings "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994) (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Nevertheless, where a plaintiff has failed to exhaust administrative remedies before bringing a claim, the action should be dismissed under Rule 12(b)(1). *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 607-08 (D. Md. 2003), *aff'd* 85 F. App'x 960 (4th Cir. 2004).

Plaintiff received notice from the SSA dated November 29, 2018 that, as of January 2019, his Supplemental Security Income payment would be $771.00. Notice, ECF 1-1; *see also* Nov. 25, 2018 Notice, ECF 20-2, at 86 (same). He claims that this amount is not "adequate money for living expenses," and he asks the Court to "grant [him] a living expense check starting on date of release from Department of Corrections on 4-15-2014." Am. Compl. 1, ECF 7. Through Ms. Musick's declaration, SSA has established that Plaintiff has not filed a request for reconsideration of the Notice or otherwise asked the SSA to address the amount of benefits he receives. Musick Decl. ¶ 15.

The Federal Government and its agencies, including SSA, are immune from suit, absent a statute expressly permitting a court to exercise jurisdiction. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Under the Social Security Act, 42 U.S.C. § 301 *et. seq.*, United States District Courts have the authority to review decisions of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). The Act precludes judicial review absent a "final decision," *see Califano v. Sanders*, 430 U.S. 99, 108 (1977), and clarifies that the remedy provided by 42 U.S.C. § 405(g) is exclusive: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). Social Security Administration regulations define a "final decision" of the Commissioner as an "initial determination" that has been pursued through all steps of the administrative review process. *See* 20 C.F.R. § 416.1400(a). Indeed, the Supreme Court has long required parties to exhaust administrative remedies before seeking relief from the courts. *See McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992). The Social Security administrative review process entails four steps: (1) an initial determination; (2) reconsideration; (3) an Administrative Law Judge hearing and decision; and (4) Appeals Council review or denial thereof. 20 C.F.R. § 416.1400(a)(1)-(4). Once a claimant has completed that process, a "final decision" has been issued, and the claimant may seek judicial review. 20 C.F.R. § 416.1400(a)(5). Appeal of a final decision ordinarily must be "commenced within sixty days after the mailing" to the claimant of notice of the decision. 42 U.S.C. § 405(g).

As noted, the record does not reflect that Plaintiff asked for reconsideration of the November 29, 2018 Notice, or pursued any other type of administrative appeal. Musick Decl. ¶ 15 & Exs.. Further, there were no decisions, of any sort, mailed within sixty days of the filing of Plaintiff's Complaint. *See id.* Accordingly, this Court cannot exercise jurisdiction over Plaintiff's appeal. 42 U.S.C. § 405(g), (h); *Califano*, 430 U.S. at 108.

Even if this Court could exercise jurisdiction over Plaintiff's appeal, it would not be the proper venue. Venue properly lies in the district where the plaintiff resides. *See* 42 U.S.C. § 405(g) (stating that an individual challenging a "final decision of the Commissioner of Social Security made after a hearing to which he was a party" may bring a civil action "*in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business*" (emphasis added)). Plaintiff is a resident of Kentucky. *See* Compl. 2 (listing Glasgow, Kentucky address); Am. Compl. 2 (same); Notice (addressed to Plaintiff in Glasgow, Kentucky). Therefore, if the federal courts had jurisdiction, this case nonetheless could not proceed in this Court, which is in Maryland. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 1406(a) ("The district

*John B. v. Commissioner, Social Security Administration*
Civil No. SAG-19-1955
December 17, 2019
Page 3

court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

For the reasons set forth herein, the Commissioner's Motion to Dismiss, ECF 20, is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge